NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ERIK GABRIEL BENALLY, *Appellant*.

No. 1 CA-CR 15-0022
FILED 10-29-2015

---

Appeal from the Superior Court in Coconino County
No.  S0300CR201400037
The Honorable Dan R. Slayton, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

Eric Gabriel Benally, Douglas
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

---

J O H N S E N, Judge:

¶1            This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Erik Gabriel Benally's conviction of aggravated assault, a Class 3 felony; shoplifting, a Class 1 misdemeanor; and refusal to provide name, a Class 2 misdemeanor.  Benally's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Benally has filed a supplemental brief identifying various issues, which we address below.  After reviewing the entire record, we affirm Benally's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2            Benally entered a department store, selected a pair of sweatpants and two sweatshirts and removed their price tags.[1]   He continued to another area of the store, where he took two energy drinks and concealed them in the sweatshirt he had picked up.  Without paying for the items, Benally then walked to the store exit, where he was stopped by store asset protection employees.  The employees asked Benally if he had paid for the items, and Benally offered to give the items back.  Benally then accompanied the employees to an office at the back of the store.  While the employees were questioning Benally, he suddenly stood and rushed toward the door, where one of them was standing.  After a brief physical altercation, Benally pulled out a knife, flipped it open and moved toward the employee standing at the door.  The employee felt the tip of the knife against his abdomen, but was not injured.  He moved aside and Benally exited the office and the store and ran toward a nearby hotel.

---

[1]      Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Benally. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3            Two police officers who were called to the scene apprehended Benally, handcuffed him and placed him under arrest.  One officer repeatedly asked Benally for his name, but Benally refused to respond.

¶4            A jury convicted Benally of aggravated assault, shoplifting, and refusal to give name.  The jury also found the aggravated assault to be a dangerous offense.  After finding Benally was convicted of two prior felonies, the superior court sentenced him to an aggravated term of nine years' incarceration for aggravated assault and time served for the other convictions.  The court granted Benally 325 days of presentence incarceration credit.

¶5            Benally timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2015), 13-4031 (2015) and -4033(A)(1) (2015).[2]

## DISCUSSION

### A.      Issues Raised in Supplemental Brief.

¶6            Benally challenges the sufficiency of the evidence, arguing the State failed to prove each element of the offenses beyond a reasonable doubt.  The record contains sufficient evidence, recounted above, to support Benally's convictions.  The State presented the testimony of both asset protection employees who observed Benally remove the merchandise and proceed to the exit without paying for them.  The employees also testified that Benally pulled out a knife and thrust it at one of them.  The jury also saw video evidence of the altercation, which largely corroborated the employees' testimony.  The jury also heard evidence he refused the police officer's request to give his name.

¶7            Benally further argues the prosecutor improperly vouched for a law enforcement witness when a detective sitting at the prosecution's counsel table shook the witness's hand in the presence of the jury.  Although the prosecution may not impermissibly vouch for its witnesses, the conduct at issue here did not constitute error, let alone fundamental error.  *See United States v. Rude*, 88 F.3d 1538, 1549 (9th Cir. 1996) (prosecutor's shaking of witness's hand in front of the jury did not constitute impermissible vouching or reversible error).

---

[2]      Absent material revision after the date of an alleged offense, we cite a statute's current version.

**B.      Due Process Review.**

¶8          The record reflects Benally received a fair trial.  He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.  The court held appropriate pretrial hearings.  It did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Benally's statements to police.  *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶9          The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members with one alternate.  The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict.  The jury returned a unanimous verdict, although neither side requested the jury to be polled.  The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Benally was convicted.

## CONCLUSION

¶10          We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences.  *See Leon*, 104 Ariz. at 300.

¶11          After the filing of this decision, defense counsel's obligations pertaining to this appeal have ended.  Defense counsel need do no more than inform Benally of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to

the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Benally has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Benally has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama